Boris Feldman (BF-8483)
WILSON SONSINI GOODRICH & ROSATI
PROFESSIONAL CORPORATION
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Gideon A. Schor (GS-5932)
WILSON SONSINI GOODRICH & ROSATI
PROFESSIONAL CORPORATION
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

*Attorneys for Defendants Stryker Corporation, Stephen P. MacMillan, and Dean H. Bergy*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

CITY OF PONTIAC GENERAL EMPLOYEES' RETIREMENT SYSTEM, On Behalf of Itself and All Others Similarly Situated,

Plaintiff,

v.

STRYKER CORPORATION, STEPHEN P. MACMILLAN and DEAN H. BERGY,

Defendants.

ECF Case

Case No.: 1:10-cv-00376-RWS

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER VENUE TO THE WESTERN DISTRICT OF MICHIGAN**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .......... ii

INTRODUCTION .......... 1

STATEMENT OF FACTS .......... 2

ARGUMENT .......... 3

I. THE WESTERN DISTRICT OF MICHIGAN AT KALAMAZOO IS A PROPER FORUM IN WHICH THIS CASE COULD (AND SHOULD) HAVE BEEN BROUGHT .......... 3

II. TRANSFER IS APPROPRIATE TO THE WESTERN DISTRICT OF MICHIGAN AT KALAMAZOO IN THE INTERESTS OF JUSTICE AND FOR THE CONVENIENCE OF THE PARTIES AND WITNESSES .......... 4

A. Plaintiff's Choice of Venue Is Entitled to Little Weight .......... 4

B. The Locus of Operative Events Is in Kalamazoo .......... 5

C. The Convenience Factors Overwhelmingly Favor Kalamazoo .......... 6

D. The Interests of Justice and Trial Efficiency Also Favor Transfer .......... 8

CONCLUSION .......... 8

**TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Adair v. Microfield Graphics, Inc.*,
No. 00 Civ. 0629 (MBM), 2000 WL 1716340 (S.D.N.Y. Nov. 16, 2000)......................4, 5

*Berman v. Informix Corp.*,
30 F. Supp. 2d 653 (S.D.N.Y. 1998)........................................................................5

*Billing v. Commerce One, Inc.*,
186 F. Supp. 2d 375 (S.D.N.Y. 2002)...............................................................4, 5, 8

*Cali v. East Coast Aviation Servs., Ltd.*,
178 F. Supp. 2d 276 (E.D.N.Y. 2001) ........................................................3, 4, 5, 6

*Eichenholtz v. Brennan*,
677 F. Supp. 198 (S.D.N.Y. 1988) ..........................................................................5

*Electrical Workers Pension Fund, Local 103, I.B.E.W. v. Nuvelo, Inc.*,
Nos. 07 Civ. 975 (HB), 07 Civ. 1229 (HB), 07 Civ. 1777 (HB),
07 Civ. 1953 (HB), 2007 WL 2068107 (S.D.N.Y. July 19, 2007) .....................................5

*In re AtheroGenics Sec. Litig.*,
No. 05 Civ. 00061 (RJH), 2006 WL 851708 (S.D.N.Y. Mar. 31, 2006).........................4, 5

*In re Collins & Aikman Corp. Sec. Litig.*,
438 F. Supp. 2d 392 (S.D.N.Y. 2006).............................................................3, 4, 5

*In re Connetics Sec. Litig.*,
No. 06 Civ. 11496 (SWK), 2007 WL 1522614 (S.D.N.Y. May 23, 2007) .................3, 5, 7

*In re Hanger Orthopedic Group, Inc. Sec. Litig.*,
418 F. Supp. 2d 164 (E.D.N.Y. 2006) ..............................................................4, 5, 8

*In re Global Cash Access Holdings, Inc. Sec. Litig.*,
No. 08 Civ. 3516 (SWK), 2008 WL 4344531 (S.D.N.Y. Sept. 18, 2008) ..........................6

*In re McDermott Int'l, Inc. Sec. Litig.*,
Nos. 08 Civ. 9943 (DC), 08 Civ. 10615 (DC), 09 Civ. 570 (DC),
2009 WL 1010039 (S.D.N.Y. Apr. 13, 2009).............................................................7

*In re Nematron Corp. Sec. Litig.*,
30 F. Supp. 2d 397 (S.D.N.Y. 1998).....................................................3, 4, 5, 7, 8

*In re Stillwater Mining Co. Sec. Litig.*,
No. 02 Civ. 2806 (DC), 2003 WL 21087953 (S.D.N.Y. May 12, 2003)................4, 5, 6, 7

*Laborers Local 100 and 397 Pension Fund v. Bausch & Lomb Inc.*,
Nos. 06 Civ. 1942 (HB), 06 Civ. 2025 (HB), 06 Civ. 2659 (HB), 06 Civ. 2916 (HB), 06 Civ. 2918 (HB), 06 Civ. 3106 (HB), 06 Civ. 3653 (HB), 2006 WL 1524590 (S.D.N.Y. June 5, 2006) ......................................6

*Langley Partners, L.P. v. Tripath Tech., Inc.*,
No. 05 Civ. 5255 (HB), 2005 WL 2482527 (S.D.N.Y. Oct. 6, 2005) ................................3

*MBCP Peerlogic LLC v. Critical Path, Inc.*,
No. 02 Civ. 3310 (SWK), 2002 WL 31729626 (S.D.N.Y. Dec. 5, 2002)...........3, 4, 5, 7, 8

*S.E.C. v. Kearns*,
No. 09 Civ. 2296 (DLC), 2009 WL 2030235 (S.D.N.Y. July 14, 2009).............................6

*Seinfeld v. Bartz*,
No. 00 Civ. 5195 (DC), 2001 WL 611295 (S.D.N.Y. June 5, 2001)..................................8

*Shulof v. Westinghouse Elec. Corp.*,
402 F. Supp. 1262 (S.D.N.Y. 1975)..........................................................................4

**STATUTES**

15 U.S.C. § 78aa ..........................................................................................................3

28 U.S.C. § 1391(b) ......................................................................................................3

28 U.S.C. § 1391(c) ......................................................................................................3

28 U.S.C. § 1404(a) ...................................................................................................1, 3

**OTHER AUTHORITIES**

ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS, FEDERAL COURT MANAGEMENT STATISTICS, *available at* http://www.uscourts.gov/cgi-bin/cmsd2008.pl (last visited Feb. 1, 2010)...........................................................8

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER VENUE TO THE WESTERN DISTRICT OF MICHIGAN**

Pursuant to 28 U.S.C. § 1404(a), defendants Stryker Corporation ("Stryker" or the "Company"), Stephen P. MacMillan, and Dean H. Bergy (collectively, "Defendants") respectfully submit this memorandum of law in support of their motion to transfer venue of this case and all related cases subsequently filed in this District to the United States District Court for the Western District of Michigan at Kalamazoo, where all Defendants are located.

**INTRODUCTION**

This is a purported securities class action brought against Stryker Corporation, its Chief Executive Officer Stephen P. MacMillan, and its former Chief Financial Officer Dean H. Bergy. By this motion, Defendants seek to transfer this action to the Western District of Michigan at Kalamazoo, where the suit could have – and should have – been brought at the outset. *Every pertinent factor* favors transfer:

- Stryker is a Michigan corporation and its headquarters are in Kalamazoo, Michigan;
- The individual Defendants reside in, or within 20 miles of, Kalamazoo;
- The majority of pertinent officers, employees, and documents are located in Kalamazoo;
- *All* of the allegedly false and misleading statements identified in the Complaint were disseminated from Stryker's headquarters in Kalamazoo; and
- The named plaintiff in this action, the City of Pontiac General Employees' Retirement System, is itself a resident of Pontiac, *Michigan*.

In contrast, there is no substantial connection between this action and the Southern District of New York. While a plaintiff's choice of forum is ordinarily given great weight, that rule is inapplicable here. In this purported nationwide securities class action, individual plaintiffs will not play a significant role. Moreover, plaintiff fails to allege any relevant facts in the Complaint to support venue in this District, and there are none. Accordingly, Defendants

respectfully request that the Court transfer this action to the United States District Court for the Western District of Michigan at Kalamazoo.

**STATEMENT OF FACTS**

Stryker is a Michigan corporation with its global corporate headquarters in Kalamazoo. ¶ 9; Decl. ¶ 3.[1] Stryker manufactures and sells orthopaedic surgical implants and medical supplies worldwide. ¶ 9; Decl. ¶ 2. The Company's products include implants used in joint replacement, trauma, craniomaxillofacial, and spinal surgeries; biologics; surgical, neurologic, ear, nose, and throat, and interventional pain equipment; endoscopic, surgical navigation, and communications systems; and patient handling and emergency medical equipment. Decl. ¶ 2.

On November 8, 2005, plaintiff filed this securities class action complaint on behalf of a putative nationwide class of purchasers of Stryker stock who bought their shares between January 25, 2007 and November 13, 2008. ¶ 1. The Complaint alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934. ¶ 6. In particular, the Complaint alleges that Stryker cut costs on quality controls in manufacturing medical devices to make the Company appear more profitable than was actually the case. ¶ 2. The Complaint alleges that these actions violated FDA regulations, exposed the Company to unnecessary risks, and hid compliance costs. *Id.* The Complaint further alleges that Defendants knew or deliberately disregarded adverse information in their possession and that the Company's positive statements in press releases and SEC filings were thus materially false and misleading. ¶ 13.

On January 29, 2010, the Complaint was served upon Stryker at its headquarters in Kalamazoo. Decl. ¶ 11. Defendants MacMillan and Bergy both reside in or near Kalamazoo. Decl. ¶¶ 5, 6; Civil Cover Sheet at 2. All of the statements at issue in the Complaint were disseminated from Stryker's headquarters in Kalamazoo. Decl. ¶ 10. The corporate heads of Stryker's Finance, Accounting, Compliance, Corporate Affairs, Legal, and Quality Assurance departments are located in Kalamazoo County. Decl. ¶ 8.

---

[1] Cites to "¶" herein are to the Complaint in this action. Cites to "Decl. ¶" herein are to the Declaration of Thomas R. Winkel, filed concurrently herewith.

The plaintiff, City of Pontiac General Employees' Retirement System, is a resident of Pontiac, Michigan. Civil Cover Sheet at 2. Pontiac is approximately 143 miles from Kalamazoo. Decl. ¶ 7.

## ARGUMENT

### I. THE WESTERN DISTRICT OF MICHIGAN AT KALAMAZOO IS A PROPER FORUM IN WHICH THIS CASE COULD (AND SHOULD) HAVE BEEN BROUGHT

The statute governing change of venue, 28 U.S.C. § 1404(a), provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The threshold question in any transfer motion pursuant to Section 1404(a) is whether the action could have been brought in the proposed transferee forum.[2] There is no doubt that this purported securities class action could have been commenced in the Western District of Michigan at Kalamazoo.

Section 27 of the Securities Exchange Act of 1934 provides for venue in any district "wherein the defendant is found or is an inhabitant or transacts business . . . ."[3] Stryker's global headquarters are located in Kalamazoo, Stryker does business there, and both individual Defendants reside there.[4] Courts routinely transfer securities cases to the issuer's district, and that result is appropriate here. *See Langley Partners, L.P. v. Tripath Tech., Inc*., No. 05 Civ. 5255 (HB), 2005 WL 2482527, at *2 (S.D.N.Y. Oct. 6, 2005) ("Courts faced with securities fraud actions have transferred those actions to the district in which the issuer is located.").[5]

---

[2] *In re Collins & Aikman Corp. Sec. Litig*., 438 F. Supp. 2d 392, 394 (S.D.N.Y. 2006) (citing *In re Nematron Corp. Sec. Litig*., 30 F. Supp. 2d 397, 400 (S.D.N.Y. 1998)); *Cali v. East Coast Aviation Servs., Ltd*., 178 F. Supp. 2d 276, 282 (E.D.N.Y. 2001).

[3] 15 U.S.C. § 78aa; *MBCP Peerlogic LLC v. Critical Path, Inc*., No. 02 Civ. 3310 (SWK), 2002 WL 31729626, at *2 (S.D.N.Y. Dec. 5, 2002).

[4] Corporate defendants are deemed to reside in any judicial district in which they are subject to personal jurisdiction. *See* 28 U.S.C. § 1391(c). Venue lies in any judicial district "where any defendant resides, if all defendants reside in the same State . . . ." 28 U.S.C. § 1391(b).

[5] *See also In re Connetics Sec. Litig*., No. 06 Civ. 11496 (SWK), 2007 WL 1522614, at *10 (S.D.N.Y. May 23, 2007) ("Although there is no per se rule favoring the transfer of a securities-

**II. TRANSFER IS APPROPRIATE TO THE WESTERN DISTRICT OF MICHIGAN AT KALAMAZOO IN THE INTERESTS OF JUSTICE AND FOR THE CONVENIENCE OF THE PARTIES AND WITNESSES**

Where – as here – venue is proper in the proposed forum, transfer is appropriate when the interests of justice and the convenience of the parties and witnesses favor transfer.[6] Factors considered in the analysis include "(1) the plaintiff's choice of forum; (2) the locus of the operative facts; (3) the convenience and relative means of the parties; (4) the convenience of witnesses; (5) the availability of process to compel the attendance of witnesses; (6) the location of physical evidence, including documents; (7) the relative familiarity of the courts with the applicable law; (8) the interests of justice, including the interests of trial efficiency." *Billing v. Commerce One, Inc*., 186 F. Supp. 2d 375, 377 (S.D.N.Y. 2002) (citation omitted). These factors weigh heavily in favor of transferring this action to Kalamazoo.

**A. Plaintiff's Choice of Venue Is Entitled to Little Weight**

Plaintiff's choice of venue in this case carries little weight for three reasons. *First*, this is a purported securities class action. *In re Nematron*, 30 F. Supp. 2d at 405 ("in class actions less weight is given to the plaintiff's choice.").[7] *Second*, the sole plaintiff in this action, City of Pontiac General Employees' Retirement System, is *not* a resident of New York: it is a resident

---

fraud action to the district of the issuer's headquarters, many courts have nonetheless routinely reached that result.") (citing *In re Hanger Orthopedic Group, Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 168 (E.D.N.Y. 2006)); *In re AtheroGenics Sec. Litig*., No. 05 Civ. 00061 (RJH), 2006 WL 851708, at *3 (S.D.N.Y. Mar. 31, 2006) (same); *MBCP Peerlogic*, 2002 WL 31729626, at *2-3 (venue in purported securities class action is proper where corporation is headquartered); *In re Stillwater Mining Co. Sec. Litig*., No. 02 Civ. 2806 (DC), 2003 WL 21087953, at *3 (S.D.N.Y. May 12, 2003) (same); *Adair v. Microfield Graphics, Inc.*, No. 00 Civ. 0629 (MBM), 2000 WL 1716340, at *1 (S.D.N.Y. Nov. 16, 2000) (venue in securities action is proper where corporate defendant is headquartered and public statements were issued).

[6] *In re Collins & Aikman*, 438 F. Supp. 2d at 394; *Cali*, 178 F. Supp. 2d at 282; *MBCP Peerlogic*, 2002 WL 31729626, at *3.

[7] *See also In re AtheroGenics*, 2006 WL 851708, at *3; *In re Collins & Aikman*, 438 F. Supp. 2d at 398 (same); *In re Stillwater Mining*, 2003 WL 21087953, at *5 (same); *Shulof v. Westinghouse Elec. Corp*., 402 F. Supp. 1262, 1263 (S.D.N.Y. 1975) ("While it is axiomatic that a plaintiff's choice of forum is entitled to great consideration, the adage has little weight in stockholder class actions . . . .").

of *Michigan*. As a result, little weight is accorded plaintiff's choice, given its non-resident status in New York.[8] *Third*, the "emphasis placed by a court on [plaintiff's] choice diminishes where the 'operative facts upon which the litigation is brought bear little material connection to the chosen forum.'"[9] This latter factor is a key consideration favoring transfer of this action to Kalamazoo.

**B. The Locus of Operative Events Is in Kalamazoo**

"'The location of the operative events is a 'primary factor' in determining a § 1404(a) motion to transfer.'" *Billing*, 186 F. Supp. 2d at 377 (citations omitted). In a securities lawsuit, the alleged "'[m]isrepresentations are deemed to "occur" in the district where the misrepresentations are issued or the truth is withheld, not where the statements at issue are received.'" *In re Collins & Aikman*, 438 F. Supp. 2d at 397 (citation omitted).[10] Here, Kalamazoo is the locus of events, not New York. *Every* press release quoted or cited as a purported misstatement in the Complaint was issued in Kalamazoo, the site of Stryker's global headquarters. Decl. ¶ 10.

---

[8] *Cali*, 178 F. Supp. 2d at 292.

[9] *Berman v. Informix Corp.*, 30 F. Supp. 2d 653, 659 (S.D.N.Y. 1998) (citation omitted); *In re Nematron*, 30 F. Supp. 2d at 405; *In re Connetics*, 2007 WL 1522614, at *8 (weight of plaintiff's choice of forum is reduced where "'the plaintiff is not a resident of the forum and the cause of action is minimally connected with the forum.'") (quoting *Eichenholtz v. Brennan*, 677 F. Supp. 198, 201 (S.D.N.Y. 1988) (citations omitted)).

[10] *See also Electrical Workers Pension Fund, Local 103, I.B.E.W. v. Nuvelo, Inc.*, Nos. 07 Civ. 975 (HB), 07 Civ. 1229 (HB), 07 Civ. 1777 (HB), 07 Civ. 1953 (HB), 2007 WL 2068107, at *5 (S.D.N.Y. July 19, 2007) ("The locus of the operative facts of this lawsuit centers on the misrepresentations made by Nuvelo in its press releases – all of which, as a matter of law, 'occur' in California."); *MBCP Peerlogic*, 2002 WL 31729626, at *5 (same) (finding that making of false and misleading statements and omissions, which were gravamen of securities complaint, were disseminated from corporate headquarters, making transfer to that district appropriate as location of operative events); *In re Stillwater Mining*, 2003 WL 21087953, at *4 (same) (transfer is made to forum in which corporation's offices are located, from where quarterly reports and press releases were issued); *Adair*, 2000 WL 1716340, at *2 (same); *Berman*, 30 F. Supp. 2d at 658 (same); *In re Nematron*, 30 F. Supp. 2d at 404 (same); *In re Hanger Orthopedic Group*, 418 F. Supp. 2d at 169 (same); *In re AtheroGenics*, 2006 WL 851708, at *13 (same).

Although the Complaint alleges two bases for venue in New York, neither has merit. First, the Complaint asserts that "certain of the acts complained of herein took place in this [Judicial] District" (¶ 7), but it does not cite *a single example*. The reason is simple: *all* of the challenged statements were issued in Kalamazoo, not New York. The Complaint also asserts that venue is proper in New York because Stryker common stock trades over the New York Stock Exchange (¶ 7), but this fact likewise does not favor venue in New York. As this Court has stated:

> Although Plaintiffs correctly point out that Bausch & Lomb's stock is traded on the New York Stock Exchange ("NYSE"), which is located in the SDNY, and many of the analysts who follow Bausch & Lomb stock are located in New York City, these contacts don't do it. If they did, the SDNY would have even more business and every plaintiff that sued a NYSE firm could nestle in right here at 500 Pearl Street.

*Laborers Local 100 and 397 Pension Fund v. Bausch & Lomb Inc.*, Nos. 06 Civ. 1942 (HB), 06 Civ. 2025 (HB), 06 Civ. 2659 (HB), 06 Civ. 2916 (HB), 06 Civ. 2918 (HB), 06 Civ. 3106 (HB), 06 Civ. 3653 (HB), 2006 WL 1524590, at *4 (S.D.N.Y. June 5, 2006).[11] In sum, New York has little connection to this action, and the center of gravity of this litigation is in the Western District of Michigan at Kalamazoo.

**C. The Convenience Factors Overwhelmingly Favor Kalamazoo**

The convenience factors also favor Kalamazoo over New York. Indeed, this forum is not even convenient to *plaintiff*, a resident of Pontiac, Michigan.[12]

---

[11] *See also In re Stillwater Mining*, 2003 WL 21087953, at *4 ("Plaintiffs assert that an important institutional investor meeting took place in New York and the Stillwater stock began to trade on the New York Stock Exchange during the class period. [] The center of gravity of this case, however, is clearly in Montana, which has a greater connection to the facts and circumstances of this lawsuit than does New York."); *S.E.C. v. Kearns*, No. 09 Civ. 2296 (DLC), 2009 WL 2030235, at *3 (S.D.N.Y. July 14, 2009) (transferring venue where "[t]he only operative fact mentioned in the SEC's complaint that took place in this district was that MedQuist's shares were traded on the NASDAQ. That fact alone, however, hardly demonstrates that the operative facts that are central to this complaint took place in this forum.").

[12] *In re Global Cash Access Holdings, Inc. Sec. Litig.*, No. 08 Civ. 3516 (SWK), 2008 WL 4344531, at *5 (S.D.N.Y. Sept. 18, 2008) ("Richmond is a Virginia resident and thus cannot claim that this District is the more convenient forum for it."); *Cali*, 178 F. Supp. 2d at 295 ("The

Most, if not all, of the pertinent parties, witnesses, and documents are in Kalamazoo, rather than New York. Stryker's global headquarters, including its administrative office, are located in Kalamazoo County. Decl. ¶¶ 3, 4, 8. The two named individual Defendants reside in or close to Kalamazoo. Decl. ¶¶ 5, 6; *see In re Stillwater Mining*, 2003 WL 21087953, at *4 ("the convenience of the parties also weighs in favor of transfer" where two of three individual defendants and corporate office are in transferee forum). Potential witnesses are also in Kalamazoo County, where the Company's executive staff is located, including the corporate heads of Stryker's Finance, Accounting, Compliance, Corporate Affairs, Legal, and Quality Assurance departments. Decl. ¶ 8; *see In re Stillwater Mining*, 2003 WL 21087953, at *4 ("[T]he key witnesses in this case are therefore officers and employees of Stillwater who participated in drafting or distributing allegedly false and misleading statements."); *In re McDermott Int'l, Inc. Sec. Litig.*, Nos. 08 Civ. 9943 (DC), 08 Civ. 10615 (DC), 09 Civ. 570 (DC), 2009 WL 1010039, at *4 (S.D.N.Y. Apr. 13, 2009) ("Here, because this is a securities fraud action relating to alleged false statements, the key witnesses are [defendants] and other McDermott officers and employees who made the allegedly false and misleading statements.").[13] Similarly, the vast majority of Stryker's documents are located in Kalamazoo.[14] Decl. ¶ 9. In sum, these factors all favor transfer.

---

fact that the plaintiffs do not reside in New York makes their desire to litigate in New York less persuasive.").

[13] *See also In re Connetics*, 2007 WL 1522614, at *3 (in cases where, as here, plaintiff alleges securities fraud, key witnesses are frequently "'officers and employees of [the issuer] who participated in drafting or distributing allegedly false and misleading statements.'") (quoting *In re Stillwater Mining*, 2003 WL 21087953, at *4); *MBCP Peerlogic*, 2002 WL 31729626, at *4 (even without specific witness list, it is clear that "potential principal witnesses include current and former Critical Path employees, officers, and directors involved" in restatement); *In re Nematron*, 30 F. Supp. 2d at 402 ("It is well known that trials in securities class actions focus almost entirely on the defendants' conduct.").

[14] *See In re Nematron*, 30 F. Supp. 2d at 404 ("Of course the documents at issue here could be copied and shipped to New York. Yet this would impose an extra cost that is unnecessary . . . ."); *In re Stillwater Mining*, 2003 WL 21087953, at *5 ("While it is true that documents can be transported from state to state, for purposes of weighing transfer factors, the fact that the documents are all currently located in [the transferee district] favors transfer.").

**D. The Interests of Justice and Trial Efficiency Also Favor Transfer**

The final factor, trial efficiency and the interests of justice, also favors transfer. As this Court has stated: "The dockets of the competing districts are relevant to this inquiry." *Billing*, 186 F. Supp. 2d at 379.[15] As of September 30, 2008, the number of pending cases (civil and criminal) per active judge in the Southern District of New York was 929; in the Western District of Michigan, it was only 418.[16] In addition, where, as here, the material events, most of the witnesses and documents, and all of the parties are located in the transferee forum, "[t]he interests of justice and judicial efficiency . . . support a transfer . . . ." *MBCP Peerlogic*, 2002 WL 31729626, at *6.[17] Finally, this action is in its infancy, and thus a transfer to the Western District of Michigan would not cause any undue delay. *Id.* Accordingly, the interests of justice and considerations of judicial economy also favor a transfer of this action to the Western District of Michigan at Kalamazoo.

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that this Court grant the instant motion and transfer this action, and any subsequently filed related actions, to the United States District Court for the Western District of Michigan at Kalamazoo.

---

[15] *See also In re Hanger Orthopedic Group*, 418 F. Supp. 2d at 171; *In re Nematron*, 30 F. Supp. 2d at 406.

[16] *See* ADMINISTRATIVE OFFICE OF THE UNITED STATES COURTS, FEDERAL COURT MANAGEMENT STATISTICS, *available at* http://www.uscourts.gov/cgi-bin/cmsd2008.pl (last visited Feb. 1, 2010)

[17] *See also Seinfeld v. Bartz*, No. 00 Civ. 5195 (DC), 2001 WL 611295, at *4 (S.D.N.Y. June 5, 2001) ("[F]or trial efficiency and in the interests of justice, this case should be transferred to the Northern District of California. As the above analysis demonstrates, this Court has no connection to this action. Indeed, the complaint does not mention New York at all. Rather, the 'center of gravity' of this litigation is California. [] The witnesses and documents are in California; the company's headquarters are in California; nine of the ten defendants reside in California; and the alleged misrepresentations and omissions, which form the bases of plaintiff's action, all occurred in California.") (citation omitted).

Dated: February 5, 2010

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation

By: /s/ Gideon A. Schor
Gideon A. Schor
Boris Feldman