Boris Feldman (BF-8483)
WILSON SONSINI GOODRICH & ROSATI
PROFESSIONAL CORPORATION
650 Page Mill Road
Palo Alto, CA 94304
Telephone: (650) 493-9300
Facsimile: (650) 565-5100

Gideon A. Schor (GS-5932)
WILSON SONSINI GOODRICH & ROSATI
PROFESSIONAL CORPORATION
1301 Avenue of the Americas, 40th Floor
New York, NY 10019
Telephone: (212) 999-5800
Facsimile: (212) 999-5899

*Attorneys for Defendants Stryker Corporation,
Stephen P. MacMillan, and Dean H. Bergy*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CITY OF PONTIAC GENERAL EMPLOYEES' RETIREMENT SYSTEM, On Behalf of Itself and All Others Similarly Situated, | ECF Case |
| | Case No.: 1:10-cv-00376-RWS |
| Plaintiff, | |
| v. | **DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER VENUE TO THE WESTERN DISTRICT OF MICHIGAN** |
| STRYKER CORPORATION, STEPHEN P. MACMILLAN and DEAN H. BERGY, | |
| Defendants. | |

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

ARGUMENT ....................................................................................................................... 3

    PLAINTIFF DOES NOT, BECAUSE IT CANNOT, PROFFER ANY LEGITIMATE REASON WHY THIS CASE SHOULD BE LITIGATED IN NEW YORK ........................................................................................................... 3

        A.    Plaintiff's Choice of Forum Is Not Dispositive and, in Fact, Merits No Consideration in This Case ................................................................... 4

        B.    Potential Witnesses Located Outside New York and Michigan Are Not Pertinent to the Court's Analysis ................................................................... 4

        C.    Plaintiff's Argument That the Locus of Operative Events "Is Not Limited to Michigan" Makes No Sense ................................................................... 6

        D.    Plaintiff's "Other Neutral Factors" Are Not, in Fact, All Neutral ........................... 8

        E.    The Requirement of Specific Witness Identification Does Not Apply at This Early Juncture, and None of the Witnesses Generally Identified by Defendants or Plaintiff Resides in New York ................................................................... 9

CONCLUSION ................................................................................................................. 10

## TABLE OF AUTHORITIES

**Page(s)**

### CASES

*Adair v. Microfield Graphics, Inc.*,
　No. 00 Civ. 0629 (MBM), 2000 WL 1716340 (S.D.N.Y. Nov. 16, 2000)......................7, 8

*AIG Financial Products Corp. v. Public Utility Dist. No. 1 Of Snohomish County, Wash.*,
　No. 09 Civ. 6795 (LMM), 2009 WL 4823895 (S.D.N.Y. Dec. 15, 2009) .........................6

*Bristol-Myers Squibb Co. v. Andrx Pharm., LLC*,
　No. 03 Civ. 2503 (SHS), 2003 WL 22888804 (S.D.N.Y. Dec. 5, 2003).............................9

*Canadian Kennel Club v. Continental Kennel Club*,
　No. 96 Civ. 6735 (LMM), 1997 WL 361991 (S.D.N.Y. June 30, 1997)............................5

*CareToLive v. von Eschenbach*,
　525 F. Supp. 2d 938 (S.D. Ohio 2007),
　*aff'd*, 290 Fed. Appx. 887 (6th Cir. 2008),
　*cert. denied*, 129 S. Ct. 921 (2009)................................................................................5

*Chrome Hearts, Inc. v. Montana St. Wear, Inc.*,
　No. 95 Civ. 10736 (RPP), 1996 WL 306368 (S.D.N.Y. June 7, 1996)..............................9

*Citibank v. Transcontinental Prods. and Servs., Inc.*,
　No. 98 Civ. 6889 (RCC), 1999 WL 595658 (S.D.N.Y. Aug. 6, 1999)...............................9

*Coker v. Bank of America*,
　984 F. Supp. 757 (S.D.N.Y. 1997) ....................................................................................5

*Cousteau Soc., Inc v. Schweizer Aircraft Corp.*,
　No. 97 Civ. 6901 (LMM), 1998 WL 41597 (S.D.N.Y. Feb. 2, 1998)................................5

*Elec. Workers Pension Fund, Local 103, I.B.E.W. v. Nuvelo, Inc.*,
　Nos. 07 Civ. 975 (HB), 07 Civ. 1229 (HB), 07 Civ. 1777 (HB),
　07 Civ. 1953 (HB), 2007 WL 2068107 (S.D.N.Y. July 19, 2007) ................................2, 5

*Eres N.V. v. Citgo Asphalt Refining Co.*,
　605 F. Supp. 2d 473 (S.D.N.Y. 2009)................................................................................4

*Frobes v. Stryker Corp.*,
　Nos. 08 Civ. 1897 (NG) (MDG), 08 Civ. 2121 (NG) (MDG), 08 Civ. 2572
　(NG) (MDG), 08 Civ. 4748 (NG) (MDG), 08 Civ. 4849 (NG) (MDG), 08
　Civ. 4910 (NG) (MDG), 09 Civ. 0441 (NG) (MDG), 2009 WL 3387037
　(E.D.N.Y. Aug. 5, 2009).....................................................................................................4

*GE Capital Franchise Finance Corp. v. Cosentino*,
    No. 08 Civ. 202 (WMS), 2009 WL 1812821 (W.D.N.Y. June 25, 2009) ........................3, 9

*In re AtheroGenics Sec. Litig.*,
    No. 05 Civ. 00061 (RJH), 2006 WL 851708 (S.D.N.Y. Mar. 31, 2006)............................8

*In re Connetics Sec. Litig.*,
    No. 06 Civ. 11496 (SWK), 2007 WL 1522614 (S.D.N.Y. May 23, 2007) ..................7, 8, 9

*In re Global Cash Access Holdings, Inc. Sec. Litig.*,
    No. 08 Civ. 3516(SWK), 2008 WL 4344531 (S.D.N.Y. Sept. 18, 2008) ...............2, 5, 6, 7

*In re Hanger Orthopedic Group, Inc. Sec. Litig.*,
    418 F. Supp. 2d 164 (E.D.N.Y. 2006) ................................................................................7

*In re McDermott Int'l, Inc. Sec. Litig.*,
    Nos. 08 Civ. 9943 (DC), 08 Civ. 10615 (DC), 09 Civ. 570 (DC),
    2009 WL 1010039 (S.D.N.Y. Apr. 13, 2009)............................................................4, 7, 8

*In re Nematron Corp. Sec. Litig.*,
    30 F. Supp. 2d 397 (S.D.N.Y. 1998)..................................................................................9

*In re Stillwater Mining Co. Sec. Litig.*,
    No. 02 Civ. 2806 (DC), 2003 WL 21087953 (S.D.N.Y. May 12, 2003)............................8

*Langley Partners, L.P. v. Tripath Tech., Inc.*,
    No. 05 Civ. 5255 (HB), 2005 WL 2482527 (S.D.N.Y. Oct. 6, 2005) .................................7

*Liberty Mut. Fire Ins. v. Costco Wholesale Corp.*,
    No. 06 Cv. 5226 (PKL), 2007 WL 2435159 (S.D.N.Y. Aug. 28, 2007) .............................5

*MBCP Peerlogic LLC v. Critical Path, Inc.*,
    No. 02 Civ. 3310 (SWK), 2002 WL 31729626 (S.D.N.Y. Dec. 5, 2002) .......................8, 9

*Moore v. Armour Pharmaceutical Co.*,
    927 F.2d 1194 (11th Cir. 1991) .........................................................................................5

*S.E.C. v. Kearns*,
    No. 09 Civ. 2296 (DLC), 2009 WL 2030235 (S.D.N.Y. July 14, 2009)............................4

*United States v. Nature's Farm Products, Inc.*,
    No. 00 Civ. 6593 (SHS), 2004 WL 1077968 (S.D.N.Y. May 13, 2004).............................5

*Wechsler v. Macke Int'l Trade, Inc.*,
    No. 99 Civ. 5725 (AGS), 1999 WL 1261251 (S.D.N.Y. Dec. 27, 1999)............................5

-iv-

## STATUTES AND RULES

21 U.S.C. § 393(a) .................................................................................................................5

Fed. R. Civ. P. 45(a)(3)........................................................................................................3, 6

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO TRANSFER VENUE TO THE WESTERN DISTRICT OF MICHIGAN**

Defendants[1] respectfully submit this reply memorandum of law in support of their motion to transfer venue of this case and all related cases subsequently filed in this District to the United States District Court for the Western District of Michigan at Kalamazoo.

### INTRODUCTION

As Defendants demonstrated in their opening brief, *every pertinent factor* favors transfer of this case to the Western District of Michigan at Kalamazoo. In its opposition, Plaintiff does not dispute that Stryker is a Michigan corporation headquartered in Kalamazoo, that the individual Defendants reside in or near Kalamazoo, that *all* of the allegedly false and misleading statements identified in the Complaint were disseminated from Stryker's headquarters in Kalamazoo, that the financial and regulatory analyses leading to those statements similarly occurred in the Kalamazoo headquarters, and that even the named plaintiff in this action is a resident of *Michigan*. Plaintiff also readily admits that this District has no connection to the action and that no witnesses or documents are located here. These concessions outweigh all of Plaintiff's contentions.

Plaintiff's argument that New York lies closer to Stryker's manufacturing facilities in New Jersey, Massachusetts, and Ireland – where alleged regulatory violations occurred (Opp. at 7) – fundamentally misconceives the Complaint's claims. Because those claims are brought under the Securities Exchange Act of 1934, liability here depends not on Stryker's alleged regulatory violations but rather on Stryker's public statements regarding those alleged violations. All such statements were researched, planned, and made in Kalamazoo. Those alleged to have made the statements – Messrs. MacMillan and Bergy – reside in or near Kalamazoo. Thus, Kalamazoo is the key location for purposes of this motion. As this Court recently stated in a securities class action: "The locus of the operative facts of this lawsuit

---

[1] All abbreviations and short forms defined in Defendants' opening memorandum (cited herein as "Motion") are incorporated herein by reference. Plaintiff's opposition is cited herein as "Opp."

centers on the misrepresentations made by Nuvelo in its press releases – all of which, as a matter of law, 'occur' in California[, where the company is headquartered]." *Elec. Workers Pension Fund, Local 103, I.B.E.W. v. Nuvelo, Inc.*, Nos. 07 Civ. 975 (HB), 07 Civ. 1229 (HB), 07 Civ. 1777 (HB), 07 Civ. 1953 (HB), 2007 WL 2068107, at *5 (S.D.N.Y. July 19, 2007).

Plaintiff's contention that its choice of venue is essentially determinative does not remotely outweigh the needless burdens created by litigating this case in this District. (*See* Opp. at 2, 5-6.) *Every single witness* will be required to travel to New York because not one is located here. In contrast, the individual defendants, and the key corporate officers heading up Stryker's Finance, Accounting, Compliance, Corporate Affairs, Legal, and Quality Assurance departments, are located in Kalamazoo County, as are most of the pertinent documents. *See* Motion at 7. Although Plaintiff suggests that Defendants seek transfer *solely* because Stryker's headquarters are in Kalamazoo (Opp. at 1), that reductive suggestion blithely ignores these burdens.

Plaintiff contends that potential witnesses employed at Stryker's manufacturing facilities will suffer greater inconvenience if they are required to travel to Michigan rather than to New York (Opp. at 8), but this point too is both irrelevant and incorrect. It is well-established that, on a motion to transfer, the convenience of witnesses who reside in neither the transferor nor transferee forum "does not factor into the Court's analysis." *In re Global Cash Access Holdings, Inc. Sec. Litig.*, No. 08 Civ. 3516 (SWK), 2008 WL 4344531, at *4 (S.D.N.Y. Sept. 18, 2008).

Irrelevantly, Plaintiff stresses that potential witnesses in New Jersey are within the subpoena power of this Court, but not of the District Court for Western District of Michigan at Kalamazoo. (Opp. at 8.) To the extent that those potential witnesses are Stryker employees, they may be compelled to testify without a subpoena. *In re Global Cash Access Holdings*, 2008 WL 4344531, at *7. To the extent that they are third party witnesses, Plaintiff fails to identify any such witnesses who would be unwilling to testify absent a subpoena. That failure renders this issue neutral, as Plaintiff ultimately concedes. Opp. at 11. Notably, apart from an

official of the Food and Drug Administration ("FDA") in New Jersey (Opp. at 8), who in any case is not subject to subpoena, Plaintiff fails to identify *any* third party witnesses. In any event, a witness located outside the subpoena power of the court where an action is pending presents no problem, as an attorney representing a party in an action is effectively authorized to serve a subpoena anywhere in the United States. *See* Fed. R. Civ. P. 45(a)(3).

Finally, the absence of a detailed witness list from Defendants (*see* Opp. at 9) should not long detain this Court. This case was filed on January 15, 2010, and Defendants filed the instant motion within *one week* of being served. A consolidated complaint will not be filed for months. Defendants can hardly be expected to list specific potential witnesses at this juncture. *GE Capital Franchise Finance Corp. v. Cosentino*, No. 08 Civ. 202 (WMS), 2009 WL 1812821, at *4 (W.D.N.Y. June 25, 2009) ("[I]n cases where discovery has not been conducted, a party 'will not be held to the requirement of stating with precision each witness and document.'") (citation omitted). Nonetheless, Defendants and Plaintiffs alike have generally identified witnesses (*see* Motion at 7; Opp. at 7-9), and *none* of them resides in this District. Plaintiff even concedes that "some potential witnesses may reside in Michigan." Opp. at 7.

In short, Plaintiff provides no reasoned basis for denying the instant motion. Accordingly, Defendants respectfully request that the Court transfer this action to the United States District Court for the Western District of Michigan at Kalamazoo.

## ARGUMENT

### PLAINTIFF DOES NOT, BECAUSE IT CANNOT, PROFFER ANY LEGITIMATE REASON WHY THIS CASE SHOULD BE LITIGATED IN NEW YORK

As Defendants demonstrated in their opening brief, there is no doubt that this purported securities class action could and should have been commenced in the Western District of Michigan at Kalamazoo. Motion at 3. In contrast to Kalamazoo's numerous connections – involving events, personnel, and documents – to this action (Motion at 5-7), this District has no connection at all: The operative events did not occur here, no potential witnesses reside here,

and no documents are located here.  Nonetheless, Plaintiff contends that this action should remain in New York for essentially five reasons, none of which is pertinent or persuasive.

### A.  Plaintiff's Choice of Forum Is Not Dispositive and, in Fact, Merits No Consideration in This Case

Unavailingly, Plaintiff contends that its choice of forum is dispositive.  Opp. at 5-6. Where the connection between the case and the chosen forum is minimal, a plaintiff's choice is entitled to less deference.  *In re McDermott Int'l, Inc. Sec. Litig.*, Nos. 08 Civ. 9943 (DC), 08 Civ. 10615 (DC), 09 Civ. 570 (DC), 2009 WL 1010039, at *6 (S.D.N.Y. Apr. 13, 2009) ("Here, plaintiff's choice of forum is entitled to less deference, as there is little material connection between the case and the Southern District of New York.").  Because there is *no* connection between this action and Plaintiff's chosen forum, Plaintiff's choice should receive *no* deference.  As this Court stated in granting a transfer motion:  "There is no apparent connection between the Southern District of New York and the operative events, and Eres's choice of New York as its forum will therefore not receive the deference normally accorded to the plaintiff's forum choice."  *Eres N.V. v. Citgo Asphalt Refining Co.*, 605 F. Supp. 2d 473, 483 (S.D.N.Y. 2009).[2]  Where, as here, "'there is no material connection between this district and the operative facts[,] the interests of justice *require* the transfer of the action.'"  *S.E.C. v. Kearns*, No. 09 Civ. 2296 (DLC), 2009 WL 2030235, at *2 (S.D.N.Y. July 14, 2009) (emphasis added) (citation omitted).

### B.  Potential Witnesses Located Outside New York and Michigan Are Not Pertinent to the Court's Analysis

Unsurprisingly, Plaintiff cites no case authority in support of its assertion that "non-party witnesses" are located "close to New York."  Opp. at 7.  It is well-settled that the location

---

[2] *See also Frobes v. Stryker Corp.*, Nos. 08 Civ. 1897 (NG) (MDG), 08 Civ. 2121 (NG) (MDG), 08 Civ. 2572 (NG) (MDG), 08 Civ. 4748 (NG) (MDG), 08 Civ. 4849 (NG) (MDG), 08 Civ. 4910 (NG) (MDG), 09 Civ. 0441 (NG) (MDG), 2009 WL 3387037, at *2 (E.D.N.Y. Aug. 5, 2009) ("Plaintiff argues that the court should show 'great deference to the plaintiff's choice-of-forum.'  Although such deference may be appropriate in certain cases, where, as here, a plaintiff files suit in a forum with no connection to the parties or the events giving rise to the claims, then 'little deference need be shown to that choice of forum.'") (citation omitted).

of witnesses residing in neither the transferor nor the transferee court "does not factor into the Court's analysis." *In re Global Cash Access Holdings*, 2008 WL 4344531, at *4.[3] The only non-party witness identified by Plaintiff is an FDA director who purportedly is located in New Jersey rather than New York (Opp. at 8) and who, in any event, is not subject to subpoena.[4] The convenience of air travel for witnesses wherever located is similarly inapposite.[5]

For reasons wholly opaque, Plaintiff considers it "important[]" that "all of the [employees at Stryker's] New Jersey facility . . . are within [this Court's] subpoena power."

---

[3] *See also Liberty Mut. Fire Ins. v. Costco Wholesale Corp.*, No. 06 Civ. 5226 (PKL), 2007 WL 2435159, at *4 (S.D.N.Y. Aug. 28, 2007) (on motion to transfer, convenience of witnesses who reside in neither transferor nor transferee forum "does not influence the Court's determination"); *Elec. Workers Pension Fund*, 2007 WL 2068107, at *4 (same); *United States v. Nature's Farm Products, Inc.*, No. 00 Civ. 6593 (SHS), 2004 WL 1077968, at *5 (S.D.N.Y. May 13, 2004) ("For the purposes of this [transfer] analysis, the Court 'dismisses from consideration the convenience of witnesses who are located outside both the current and transferee forums.'") (citations omitted); *Wechsler v. Macke Int'l Trade, Inc.*, No. 99 Civ. 5725 (AGS), 1999 WL 1261251, at *6 (S.D.N.Y. Dec. 27, 1999) (same).

[4] Personnel of the Department of Health and Human Services ("HHS") are not subject to subpoena. *Moore v. Armour Pharm. Co.*, 927 F.2d 1194, 1197-98 (11th Cir. 1991) (affirming district court order quashing deposition subpoena directed to HHS official). The FDA is part of HHS. *See CareToLive v. von Eschenbach*, 525 F. Supp. 2d 938, 950 n.2 (S.D. Ohio 2007) (citing 21 U.S.C. § 393(a)), *aff'd*, 290 Fed. Appx. 887 (6th Cir. 2008), *cert. denied*, 129 S. Ct. 921 (2009).

[5] *See Cousteau Soc., Inc. v. Schweizer Aircraft Corp.*, No. 97 Civ. 6901 (LMM), 1998 WL 41597, at *1 (S.D.N.Y. Feb. 2, 1998) ("The argument based on convenience of air travel is not dispositive . . . and would, if accepted, lead to most cases pending in the district courts within the State of New York in which parties or witnesses are located in relatively distant areas of the country, or overseas, being transferred to this District, a result which the Court does not believe that Congress had in mind in enacting 28 U.S.C. § 1404(a)."); *Coker v. Bank of America*, 984 F. Supp. 757, 765-66 (S.D.N.Y. 1997) ("Coker has to travel from Nigeria to the United States in any event; taking an additional flight through to New Mexico is not significantly inconvenient. In fact, if the Court were to accept Coker's argument, the federal courts in New York (and, perhaps, a few other jurisdictions with U.S. 'gateway' airports) would become the courts of convenience for most diversity cases involving foreign nationals. This factor weighs heavily in favor of transfer.") (citation omitted); *Canadian Kennel Club v. Continental Kennel Club*, No. 96 Civ. 6735 (LMM), 1997 WL 361991 at *3-4 & n.3 (S.D.N.Y. June 30, 1997) (plaintiff's CEO, located in Ontario, Canada, "will have to travel to any trial of this action whether it is adjudicated in New York or Louisiana"; "Either way, travel is required, and the difference in travel time [of flying to transferee district], or rearranging one's travel plans because fewer flights exist [to transferee district] does not significantly affect the balance.").

Opp. at 8.  Stryker employees may be compelled to testify without a subpoena.  *In re Global Cash Access Holdings*, 2008 WL 4344531, at *7 ("defendants' current employees can be compelled to testify without the use of a subpoena . . . .").  Because Plaintiff does *not* contend that any third-party witnesses are unwilling to testify absent subpoena, the Court's prospective subpoena power is a non-issue.  *Id.* ("As there are no allegations that any particular witnesses are unwilling to testify should this matter proceed to trial, this factor is neutral in the Court's analysis.").[6]  Plaintiff ultimately concedes that the Court's subpoena power is a neutral factor.  Opp. at 11; *see In re Global Cash Access Holdings*, 2008 WL 4344531, at *7 ("As there are no allegations that any particular witnesses are unwilling to testify should this matter proceed to trial, this factor is neutral in the Court's analysis.").  In any event, if a witness is located outside the subpoena power of the court where an action is pending, no difficulty arises:  "An attorney . . . may issue and sign a subpoena as an officer of . . . a court for a district where a deposition is to be taken or production is to be made, if the attorney is authorized to practice in the court where the action is pending."  Fed. R. Civ. P. 45(a)(3).[7]

### C. Plaintiff's Argument That the Locus of Operative Events "Is Not Limited to Michigan" Makes No Sense

Plaintiff concedes that the location of operative events is a "primary factor" in any transfer motion (Opp. at 9) and that the statements at issue here were "disseminated from Stryker's headquarters" in Kalamazoo (*id.* at 10).  Nonetheless, Plaintiff contends, again

---

[6] *See also AIG Financial Products Corp. v. Public Utility Dist. No. 1 Of Snohomish County, Wash.*, No. 09 Civ. 6795 (LMM), 2009 WL 4823895, at *14 (S.D.N.Y. Dec. 15, 2009) ("The availability of process to compel the attendance of witnesses is a neutral factor here because neither party has identified a witness who would be unwilling to testify without compulsion. Furthermore ... when the practical alternative of offering videotaped or deposition testimony of a given witness exists," "the unavailability of process over third-party witnesses" is immaterial.) (internal quotation marks and citations omitted).

[7] *See also* Fed. R. Civ. P. 45 advisory committee notes, 1991 Amendment ("rule effectively authorizes service of a subpoena anywhere in the United States by an attorney representing any party").

without citation to authority, that the locus of operative events here "is not limited to Michigan." *Id.* at 11. According to Plaintiffs, the locus of operative events is also in Massachusetts, New Jersey, and Ireland, purportedly because Stryker's alleged failure to comply with federal regulations occurred at its manufacturing facilities in those places. *Id.* at 10. But, as Defendants demonstrated (and Plaintiff does not dispute), the locus of operative events in a securities action is where the alleged misrepresentations were made. *See* Motion at 5.[8] Indeed, in shareholder class actions filed in the Southern District of New York in which the Company was headquartered elsewhere and no defendants were located in this District, this Court has consistently transferred the case to the correct venue.[9] That result is appropriate

---

[8] *See also In re McDermott Int'l*, 2009 WL 1010039, at *5 ("[A]s to the locus of operative facts, virtually all of the events underlying this action occurred in the Southern District of Texas. The statements at issue – the SEC reports, press release, and conference calls – were all generated and disseminated from Houston. Although defendants took steps during the Class Period to attract investors in New York, such as making presentations at investor conferences in New York, plaintiffs' complaint does not assert that defendants made any false or misleading statements in violation of federal security laws in New York. The center of gravity of this case is undoubtedly in the Southern District of Texas. This factor therefore weighs in favor of transfer.") (citation omitted); *In re Global Cash Access Holdings*, 2008 WL 4344531, at *6 ("Courts in this District have held that misrepresentations or omissions occur 'where the misrepresentations are issued or the truth is withheld, not where the statements at issue are received.'") (citations omitted); *In re Connetics Sec. Litig.*, No. 06 Civ. 11496 (SWK), 2007 WL 1522614, at *5 (S.D.N.Y. May 23, 2007) ("The allegedly misleading financial statements, press releases, and SEC filings enumerated in the Complaint were prepared and issued from Connetics' headquarters in the Northern District of California, and are therefore deemed to have occurred therein. Since these alleged misrepresentations form the core of this litigation, significant portions of the operative facts occurred in the Northern District of California . . . ."); *Adair v. Microfield Graphics, Inc.*, No. 00 Civ. 0629 (MBM), 2000 WL 1716340, at *1 (S.D.N.Y. Nov. 16, 2000) ("The locus of operative facts in this case is Oregon. Misrepresentations and omissions are deemed to 'occur' in the district where the misrepresentations are issued or the truth is withheld, not where the statements at issue are received. Here, the preparation and issuance of the allegedly misleading press releases and financial statements occurred in Oregon.") (citation omitted).

[9] *See Langley Partners, L.P. v. Tripath Tech., Inc.*, No. 05 Civ. 5255 (HB), 2005 WL 2482527, at *2 (S.D.N.Y. Oct. 6, 2005) ("Courts faced with securities fraud actions have transferred those actions to the district in which the issuer is located."); *In re Connetics*, 2007 WL 1522614, at *10 ("Although there is no per se rule favoring the transfer of a securities-fraud action to the district of the issuer's headquarters, many courts have nonetheless routinely reached that result.") (citing *In re Hanger Orthopedic Group, Inc. Sec. Litig.*, 418 F. Supp. 2d 164, 168 (E.D.N.Y. 2006));

-7-

here.  The gravamen of Plaintiff's complaint is not Stryker's purported regulatory noncompliance but rather Defendants' alleged *statements* about those issues.  All such statements – as well as the underlying decisions, such as analytical judgments concerning corporate finances and regulatory compliance – were made in Kalamazoo.  *See*, *e.g.*, Complaint ¶¶ 16-21, 24-26.  Indeed, all of the key witnesses – including the alleged speakers themselves – reside in or near Kalamazoo.[10]

Plaintiff's argument might make more sense if the statements at issue in this case had been disseminated from New York or if those who made the statements had resided in New York.  As it stands, however, New York has no connection to any of the operative events (other than that Plaintiff's *counsel* is based in New York).  The only connection between this securities action and the facilities identified by Plaintiff is that some of Stryker's alleged statements mentioned those facilities.  But the statements themselves were concededly made in Kalamazoo.

### D.      Plaintiff's "Other Neutral Factors" Are Not, in Fact, All Neutral

Plaintiff asserts certain factors to be neutral (Opp. at 11), but not all are.  That most, if not all, pertinent documents are located in Kalamazoo is *not* neutral, as Plaintiff contends.  *Id*.  To the contrary, this fact weighs in favor of transfer.  *See*, *e.g.*, *In re Stillwater Mining*, 2003 WL 21087953, at *5 ("While it is true that documents can be transported from state to state, for

---

*In re AtheroGenics Sec. Litig.*, No. 05 Civ. 00061 (RJH), 2006 WL 851708, at *3 (S.D.N.Y. Mar. 31, 2006) (same); *MBCP Peerlogic LLC v. Critical Path, Inc.*, No. 02 Civ. 3310 (SWK), 2002 WL 31729626, at *2-3 (S.D.N.Y. Dec. 5, 2002) (venue in purported securities class action is proper where corporation is headquartered); *In re Stillwater Mining Co. Sec. Litig.*, No. 02 Civ. 2806 (DC), 2003 WL 21087953, at *3 (S.D.N.Y. May 12, 2003) (same); *Adair*, 2000 WL 1716340, at *1 (venue in securities action is proper where corporate defendant is headquartered and public statements were issued).

[10] *See In re McDermott Int'l*, 2009 WL 1010039, at *4 ("Here, because this is a securities fraud action relating to alleged false statements, the key witnesses are Wilkinson and Taff and other McDermott officers and employees who made the allegedly false and misleading statements."); *In re Connetics*, 2007 WL 1522614, at *3 ("In cases where, as here, the plaintiff alleges securities fraud, the key witnesses are frequently officers and employees ... who participated in drafting or distributing allegedly false and misleading statements.") (internal quotation marks and citation omitted).

purposes of weighing transfer factors, the fact that the documents are all currently located in [the transferee district] favors transfer."); *see also In re Connetics*, 2007 WL 1522614, at *5 ("because the majority of the documents pertaining to the allegations of the Complaint are located in the Northern District of California, that forum is at least a marginally better forum in which to proceed."); *In re Nematron Corp. Sec. Litig.*, 30 F. Supp. 2d 397, 404 (S.D.N.Y. 1998) ("Of course the documents at issue here could be copied and shipped to New York. Yet this would impose an extra cost that is unnecessary . . . .").

> E. **The Requirement of Specific Witness Identification Does Not Apply at This Early Juncture, and None of the Witnesses Generally Identified by Defendants or Plaintiff Resides in New York**

Finally, Plaintiff's argument that Defendants provided no list of witnesses or description of their testimony (*see* Opp. at 9) is meritless. The requirement of specific witness identification does not apply where, as here, a case is in its infancy. *GE Capital Franchise Finance Corp.*, 2009 WL 1812821, at *4 ("[I]n cases where discovery has not been conducted, a party 'will not be held to the requirement of stating with precision each witness and document.'") (citation omitted).[11] Indeed, this motion was filed *within one week* of service of the summons and complaint. *See* Docket Nos. 11 (¶ 11) and 9.

---

[11] *See also Bristol-Myers Squibb Co. v. Andrx Pharm., LLC*, No. 03 Civ. 2503 (SHS), 2003 WL 22888804, at *3 (S.D.N.Y. Dec. 5, 2003) ("While Andrx fails to list and name these prospective witnesses, the corporation is located in Florida and a number of employees are located there. . . . This factor favors transfer of this action to Florida."); *MBCP Peerlogic*, 2002 WL 31729626, at *4 ("Even though defendants have not provided a list that identifies potential witnesses expected to be called to testify, the events giving rise to this action demonstrate that the vast majority of material witnesses are in Northern California and would therefore find it more convenient to testify in California than in New York."); *Citibank v. Transcontinental Prods. and Servs., Inc.*, No. 98 Civ. 6889 (RCC), 1999 WL 595658, at *2 (S.D.N.Y. Aug. 6, 1999) (even though party seeking transfer did not identify potential principal witnesses, allegations of complaint indicated that substantial number of witnesses are located in proposed transferee court); *Chrome Hearts, Inc. v. Montana St. Wear, Inc.*, No. 95 Civ. 10736 (RPP), 1996 WL 306368, at *2 (S.D.N.Y. June 7, 1996) ("With respect to the convenience of material witnesses, Chrome Hearts claims that since Montana Street Wear has not produced a witness list, it failed to demonstrate that this factor weighs in favor of transfer. Montana Street Wear, however, has demonstrated that the majority of witnesses in this case would find it more convenient to testify in California than in New York; therefore there is no need for them to submit a witness list.").

Nonetheless, Defendants did identify witnesses generally (*see* Motion at 7), as did Plaintiffs (Opp. at 7-9), and *none* of them resides in this District.  Notably, Plaintiff even concedes that "some potential witnesses may reside in Michigan."  Opp. at 7.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant the instant motion and transfer this action, and any subsequently filed related actions, to the United States District Court for the Western District of Michigan at Kalamazoo.


Dated:  March 1, 2010                                                                WILSON SONSINI GOODRICH & ROSATI
                                                                                                         Professional Corporation



                                                                                                         By:   /s/ Gideon A. Schor
                                                                                                                  Gideon A. Schor
                                                                                                                  Boris Feldman