UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

––––––––––––––––––––––––––––––––––––––––– x
CITY OF PONTIAC GENERAL                    :   Civil Action No. 1:10-cv-00376-RWS
EMPLOYEES' RETIREMENT SYSTEM, On           :
Behalf of Itself and All Others Similarly  :   CLASS ACTION
Situated,                                  :
                                           :   MEMORANDUM OF LAW IN SUPPORT
                 Plaintiff,                :   OF THE PENSION FUNDS' MOTION FOR
                                           :   APPOINTMENT AS LEAD PLAINTIFFS
        vs.                                :   AND APPROVAL OF SELECTION OF
                                           :   LEAD COUNSEL
STRYKER CORPORATION, et al.,               :
                                           :
                 Defendants.               :
                                           :
––––––––––––––––––––––––––––––––––––––––– x

I.       **PRELIMINARY STATEMENT**

Presently pending before this Court is a securities class action lawsuit (the "Action") brought on behalf of all purchasers of the common stock of Stryker Corporation ("Stryker" or the "Company"), between January 25, 2007 and November 13, 2008, inclusive (the "Class Period"). The Action alleges violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA") (15 U.S.C. §78) and the Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. §240.10b-5).

Institutional investors Alaska Electrical Pension Fund, Genesee County Employees' Retirement System and State-Boston Retirement System (collectively, the "Pension Funds") hereby move this Court for an Order to: (i) appoint the Pension Funds as Lead Plaintiffs in the Action under Section 21D(a)(3)(B) of the Exchange Act; and (ii) approve the Pension Funds' selection of the law firms of Coughlin Stoia Geller Rudman & Robbins LLP ("Coughlin Stoia") and Labaton Sucharow LLP ("Labaton Sucharow") to serve as Lead Counsel.

This motion is made on the grounds that the Pension Funds are the most adequate plaintiffs, as defined by the PSLRA. The Pension Funds are precisely the types of institutional investors that Congress sought to summon and empower when it enacted the PSLRA. *See Ferrari v. Impath, Inc.*, No. 03 Civ. 5667 (DAB), 2004 U.S. Dist. LEXIS 13898, at *10 (S.D.N.Y. July 20, 2004) (holding that the purpose behind the PSLRA is best achieved by encouraging institutional investors to serve as lead plaintiffs). Moreover, as institutional investors, the Pension Funds are accustomed to acting as fiduciaries and their experience in legal and financial matters will substantially benefit the class.

During the Class Period, the Pension Funds incurred a substantial $1,651,339.94 loss on their transactions in Stryker common stock. *See* Rosenfeld Decl., Ex. B.[1] To the best of their knowledge, this is the greatest loss sustained by any moving class member or class member group who has brought suit or filed an application to serve as lead plaintiff in this Action. In addition, the Pension Funds, for the purposes of this motion, adequately satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure in that their claims are typical of the claims of the putative class and that they will fairly and adequately represent the interests of the class.

## II.   FACTUAL BACKGROUND

Stryker is a medical technology company. Stryker manufactures and sells medical devices, primarily orthopedic surgical implants, and medical equipment. The complaint charges Stryker and certain of its officers and executives with violations of the Exchange Act.

The complaint alleges that, throughout the Class Period, defendants failed to disclose material adverse facts about the Company's true financial condition, business and prospects. Specifically, the complaint alleges that defendants: i) violated federal regulations regarding the manufacture of medical devices; ii) subjected the Company to unnecessary risks of sales disruptions, lower revenues and product liabilities due to product recalls; and iii) hid hundreds of millions of dollars of additional compliance costs both prior to and during the Class Period, allowing defendants to falsely report and/or project 20%+ earnings growth for Stryker during 2006, 2007 and 2008.

Defendants' false and misleading statements and omissions caused Stryker's stock to trade at artificially inflated levels throughout the Class Period, reaching a Class Period high of $75.39 per share on December 26, 2007, before collapsing to $36.11 per share on November 20, 2008, – a 52%

---

[1]   References to the "Rosenfeld Decl., Ex. __" are to the exhibits attached to the accompanying Declaration of David A. Rosenfeld, dated March 16, 2010 and submitted herewith.

decline – when the Company revealed that it was still losing revenues and customers as a result of a January 2008 hip product recall. The declines in the price of Stryker stock were a direct result of the nature and extent of defendants' fraud being revealed through a series of disclosures to investors and the market.

## III. ARGUMENT

### A. The Pension Funds Should Be Appointed Lead Plaintiffs

#### 1. The Procedure Required by the PSLRA

The PSLRA has established a procedure that governs the appointment of a lead plaintiff in "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1) and (a)(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class, within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(A)(i). Plaintiff in the Action caused the first notice regarding the pendency of the Action to be published on *Business Wire*, a national, business oriented newswire service, on January 15, 2010. *See* Rosenfeld Decl., Ex. A. Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the Court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. *See* 15 U.S.C. §§78u-4(a)(3)(A) and (B).

Second, the PSLRA provides that, within 90 days after publication of the notice, the Court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class who the Court determines to be most capable of adequately representing the interests of class members. *See* 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this Act is the person or group of persons that
>
> (aa) has either filed the complaint or made a motion in response to a notice. . .
>
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).  *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).

### 2. The Pension Funds Satisfy the "Lead Plaintiff" Requirements of the Exchange Act

#### a. The Pension Funds Have Complied with the Exchange Act and Should Be Appointed Lead Plaintiffs

The time period in which class members may move to be appointed lead plaintiff herein under 15 U.S.C. §78u-4(a)(3)(A) and (B) expires on March 16, 2010.  Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice on January 15, 2010, the Pension Funds timely move this Court to be appointed Lead Plaintiffs on behalf of all members of the class.

The Pension Funds have duly signed and filed certifications stating that they are willing to serve as the representative parties on behalf of the class.  *See* Rosenfeld Decl., Ex. C.  In addition, the Pension Funds have selected and retained competent counsel to represent themselves and the class.  *See* Rosenfeld Decl., Exs. D & E.  Accordingly, the Pension Funds have satisfied the individual requirements of 15 U.S.C. §78u4(a)(3)(B) and are entitled to have their application for appointment as Lead Plaintiffs and approval of selection of Lead Counsel as set forth herein, considered and approved by the Court.

### b. The Pension Funds Are Precisely the Types of Lead Plaintiffs Congress Envisioned When it Passed the PSLRA

The Congressional objective in enacting the lead plaintiff provisions was to encourage large, organized institutional investors to play a more prominent role in securities class actions. *See* H.R. Conf. Rep. No. 104-369, at 34 (1995), reprinted in 1995 U.S.C.C.A.N. 679, 733 ("The Conference Committee believes that increasing the role of institutional investors in class actions will ultimately benefit shareholders and assist courts by improving the quality of representation in securities class actions.").

Congress reasoned that increasing the role of institutional investors, which typically have a large financial stake in the outcome of the litigation, would be beneficial because institutional investors with a large financial stake are more apt to effectively manage complex securities litigation. The Pension Funds, as institutional investors, are precisely the types of Lead Plaintiffs Congress envisioned when it passed the PSLRA. *See id.*

### c. The Pension Funds Have the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period, as evidenced by, among other things, the accompanying signed certifications, *see* Rosenfeld Decl., Ex. C, the Pension Funds incurred a substantial $1,651,339.94 loss on their transactions in Stryker common stock. *See* Rosenfeld Decl., Ex. B. The Pension Funds thus have a significant financial interest in this case. The Court "must compare the financial stakes of the various plaintiffs and determine which one has the most to gain from the lawsuit. It must then focus its attention on *that* plaintiff and determine, based on the information he has provided in his pleadings and declarations, whether he satisfies the requirements of Fed. R. Civ. P. 23(a), in particular those of typicality and adequacy. If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively

most adequate plaintiff." *Cavanaugh*, 306 F.3d at 730 (emphasis in original). Therefore, the Pension Funds satisfy all of the PSLRA's prerequisites for appointment as Lead Plaintiffs in this Action and should be appointed Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(3)(B).

### d. The Pension Funds Otherwise Satisfy Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. If the movant with the largest financial interest meets Rule 23's requirement, it becomes the presumptive lead plaintiff. *See Cavanaugh*, 306 F.3d at 730.

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representative. Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Lax v. First Merchs. Acceptance Corp.*, No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866, at *20, (N.D. Ill. Aug. 11, 1997). The Pension Funds satisfy both the typicality and adequacy requirements of Rule 23, thereby justifying their appointment as Lead Plaintiffs.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Rossini v. Ogilvy & Mather, Inc.*, 798 F.2d 590, 598 (2d Cir. 1986). Typicality does not require that there be

no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Sofran v. LaBranche & Co.*, 220 F.R.D. 398, 402 (S.D.N.Y. 2004) ("The possibility of factual distinctions between the claims of the named plaintiffs and those of other class members does not destroy typicality, as similarity of legal theory may control even in the face of differences of fact"). The requirement that the proposed class representatives' claims be typical of the claims of the class does not mean, however, that the claims must be identical. *See Ferrari*, 2004 U.S. Dist. LEXIS 13898, at *18.

The Pension Funds satisfy this requirement because, just like all other class members, they: (1) purchased Stryker common stock during the Class Period; (2) were adversely affected by defendants' false and misleading statements; and (3) suffered damages as a result thereof. Thus, the Pension Funds' claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4), the representative parties must also "fairly and adequately protect the interests of the class." The PSLRA directs this Court to limit its inquiry regarding the adequacy of the Pension Funds to represent the class to the existence of any conflicts between the interest of the Pension Funds and the members of the class. The Court must evaluate adequacy of representation by considering (i) whether the class representatives' claims conflict with those of the class and (ii) whether class counsel is qualified, experienced, and generally able to conduct the litigation. *See In re Global Crossing Sec. & ERISA Litig.*, 225 F.R.D. 436, 453 (S.D.N.Y. 2004).

Here, the Pension Funds are adequate representatives of the class. As evidenced by the injuries suffered by the Pension Funds and the class, the interests of the Pension Funds are clearly aligned with the members of the class, and there is no evidence of any antagonism between the

Pension Funds' interests and those of the other members of the class. Further, the Pension Funds have taken significant steps which demonstrate they will protect the interests of the class: they have retained competent and experienced counsel to prosecute these claims. In addition, as shown below, the Pension Funds' proposed Lead Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, the Pension Funds *prima facie* satisfy the commonality, typicality and adequacy requirements of Rule 23 for the purposes of this motion.

### B. The Court Should Approve the Pension Funds' Choice of Counsel

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the proposed lead plaintiff shall, subject to Court approval, select and retain counsel to represent the class he seeks to represent. In that regard, the Pension Funds have selected the law firms of Coughlin Stoia and Labaton Sucharow to serve as Lead Counsel. *See* Rosenfeld Decl., Exs. D-E.

Coughlin Stoia has substantial experience in the prosecution of shareholder and securities class actions, including serving as lead counsel in *In re Enron Corp. Securities Litigation*, No. H-01-3624 (S.D. Tex.), in which Coughlin Stoia has obtained recoveries which represent the largest recovery ever obtained in a shareholder class action. *See* Rosenfeld Decl., Ex. D. Specifically, the court in *Enron* stated:

> The firm is comprised of probably the most prominent securities class action attorneys in the country. It is not surprising that Defendants have not argued that counsel is not adequate. Counsel's conduct in zealously and efficiently prosecuting this litigation with commitment of substantial resources to that goal evidences those qualities is evident throughout this suit.

*In re Enron Corp. Sec. Derivative & "ERISA" Litig.*, 529 F.Supp. 2d 644, 675 (S.D. Tex. 2006).

Labaton Sucharow has had a leading role in numerous important actions on behalf of defrauded investors. Labaton Sucharow served as lead counsel in the *Waste Management* securities litigation, which resulted in a settlement of $457 million, one of the largest common-fund securities class action settlements ever achieved at that time. *See In re Waste Mgmt., Inc. Sec. Litig.*, 128 F.

- 8 -

Supp. 2d 401, 432 (S.D. Tex. 2000) (stating that Labaton Sucharow "ha[s] been shown to be knowledgeable about and experienced in federal securities fraud class actions"). Moreover, in *In re Monster Worldwide, Inc. Securities Litigation*, No. 07-cv-2237-JSR (S.D.N.Y. filed Mar. 15, 2007), Judge Jed Rakoff appointed Labaton Sucharow as lead counsel, stating that "the Labaton firm is very well known to . . . courts for the excellence of its representation." (*Id.*, Hearing Tr. 24:25-25:1, June 14, 2007).

Accordingly, the Court should approve the Pension Funds' selection of counsel.

## IV.   CONCLUSION

For all the foregoing reasons, the Pension Funds respectfully request that the Court: (i) appoint the Pension Funds as Lead Plaintiffs in the Action; (ii) approve their selection of Lead Counsel as set forth herein; and (iii) grant such other relief as the Court may deem just and proper.

DATED: March 16, 2010

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS, LLP
SAMUEL H. RUDMAN
DAVID A. ROSENFELD
MARIO ALBA JR.


        /s/ *David A. Rosenfeld*
DAVID A. ROSENFELD

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

LABATON SUCHAROW LLP
CHRISTOPHER J. KELLER
ALAN I. ELLMAN
140 Broadway
New York, NY 10005
Telephone: 212/907-0853
212/818-0477 (fax)

[Proposed] Lead Counsel for Plaintiff

- 9 -

## CERTIFICATE OF SERVICE

I, David A. Rosenfeld, hereby certify that on March 16, 2010, I caused a true and correct copy of the attached:

> Notice of Motion of The Pension Funds for Appointment as Lead Plaintiffs and Approval of Selection of Lead Counsel;
>
> Memorandum of Law in Support of The Pension Funds' Motion for Appointment as Lead Plaintiffs and Approval of Selection of Lead Counsel;
>
> Declaration of David A. Rosenfeld in Support of the Motion of The Pension Funds for Appointment as Lead Plaintiffs and Approval of Selection of Lead Counsel

to be served: (i) electronically on all counsel registered for electronic service for this case; and (ii) by first-class mail to any additional counsel on the attached service list.

                                                  /s/ *David A. Rosenfeld*
                                                  David A. Rosenfeld

STRYKER

Service List - 3/16/2010   (10-0011)

Page 1 of 1

**Counsel For Defendant(s)**

Gideon A. Schor
Wilson Sonsini Goodrich & Rosati, P.C.
1301 Avenue of the Americas, 40th Floor
New York, NY  10019
   212/999-5800
   212/999-5899 (Fax)

**Counsel For Plaintiff(s)**

| | |
|---|---|
| Samuel H. Rudman | Christopher J. Keller |
| David A. Rosenfeld | Alan I. Ellman |
| Coughlin Stoia Geller Rudman & Robbins LLP | Labaton Sucharow LLP |
| 58 South Service Road, Suite 200 | 140 Broadway, 34th Floor |
| Melville, NY  11747 | New York, NY  10005 |
|    631/367-7100 |    212/907-0700 |
|    631/367-1173 (Fax) |    212/818-0477 (Fax) |