**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CITY OF PONTIAC GENERAL EMPLOYEES' RETIREMENT SYSTEM, On Behalf of Itself and All Others Similarly Situated,<br><br>                          Plaintiff,<br><br>   vs.<br><br>STRYKER CORPORATION, STEPHEN P. MACMILLAN and DEAN H. BERGY,<br><br>                         Defendants. | Civil Action No. 10-cv-00376 (RWS) |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE
NEW JERSEY BUILDING LABORERS PENSION AND ANNUITY FUNDS
FOR APPOINTMENT AS LEAD PLAINTIFF
<u>AND APPROVAL OF SELECTION OF LEAD COUNSEL</u>**

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

INTRODUCTION AND SUMMARY OF ARGUMENT ............................................................1

FACTUAL BACKGROUND........................................................................................................2

ARGUMENT.................................................................................................................................3

    I.       The NJ Fund Should Be Appointed Lead Plaintiff ...................................................3

           A.      The NJ Fund Has Satisfied the Requirements of the PSLRA, and Is Presumptively "The Most Adequate Plaintiff" ........................................3

           B.      The NJ Fund has "The Largest Financial Interest".....................................4

           C.      The NJ Fund Satisfies the Requirements of Rule 23 ..................................5

                  1.      The NJ Fund's Claims Are Typical of the Claims of All the Class Members................................................................................6

                  2.      The NJ Fund Will Adequately Represent the Class.........................7

    II.      The Court Should Approve The NJ Fund's Choice of Lead Counsel .....................7

CONCLUSION..............................................................................................................................9

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Greebel v. FTP Software, Inc.*,
   939 F. Supp. 57 (D. Mass. 1996) ...................................................................................................3

*In re Bear Stearns Cos. Sec., Deriv. & ERISA Litig.*,
   No. 07-Civ-10453, 2008 U.S. Dist. LEXIS 106327 (S.D.N.Y. Dec. 29, 2008) ............4, 5, 6, 7

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) .........................................................................................................8

*Lax v. First Merchants Acceptance Corp.*,
   No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866 (N.D. Ill. Aug. 6, 1997) ...................................3

*Pirelli Armstrong Tire Corp. Retiree Medical Benefits Trust v. LaBranche & Co.*,
   229 F.R.D. 395 (S.D.N.Y. 2004) ..................................................................................................6

*In re Veeco Instruments, Inc.*,
   233 F.R.D. 330 (S.D.N.Y. 2005) ..................................................................................................4

**RULES AND STATUTES**

17 C.F.R. § 240.10b-5.........................................................................................................................1

15 U.S.C. § 78j(b) ..............................................................................................................................1

15 U.S.C. § 78t(a) ..............................................................................................................................1

15 U.S.C. § 78u-4(a)(2)(B).................................................................................................................2

15 U.S.C. § 78u-4(a)(3)(A).................................................................................................................3

15 U.S.C. § 78u-4(a)(3)(A)(I) ............................................................................................................3

15 U.S.C. § 78u-4(a)(3)(B).............................................................................................................7, 9

15 U.S.C. § 78u-4(a)(3)(B)(i) ............................................................................................................4

15 U.S.C. § 78u-4(a)(3)(B)(iii) ....................................................................................................1,4,5

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa) ..............................................................................................8

15 U.S.C § 78u-4(a)(3)(B)(v) ............................................................................................................7

Fed. R. Civ. P. 23................................................................................................................ *passim*

**PRELIMINARY STATEMENT**

Movant New Jersey Building Laborers Pension Fund and New Jersey Building Laborers Annuity Fund (the "NJ Fund" or "Movant") respectfully submits this Memorandum of Law in support of its Motion for Appointment as Lead Plaintiff, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA" or the "Statute"), and Securities Exchange Commission ("SEC") Rule 10b-5, 17 C.F.R. § 240.10b-5.

In connection with this motion, the NJ Fund moves the Court for an Order: (1) appointing the NJ Fund as Lead Plaintiff in the Class Action against defendants Stryker Corporation ("Stryker" or the "Company"), the Company's Chief Executive Officer Stephen P. MacMillan, and the Company's Chief Financial Officer, Dean H. Bergy (collectively referred to as "Defendants"), pursuant to the PSLRA; (2) approving the NJ Fund's selection of Milberg LLP ("Milberg") as Lead Counsel in the action and in any subsequently filed and/or related cases; and (3) granting such other and further relief as the Court may deem just and proper.

**INTRODUCTION AND SUMMARY OF ARGUMENT**

Pursuant to the PSLRA, the Lead Plaintiff is the movant with the largest financial interest that meets the adequacy and typicality requirements of Fed. R. Civ. P. 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). The NJ Fund believes that its loss of $266,514.98 due to Defendants' wrongful conduct represents the largest financial interest of any other movant. NJ Fund is also typical and will more than adequately represent the interests of the Class as required under Fed. R. Civ. P. 23.[1] *See* Andrei V. Rado Declaration ("Rado Decl.") Exs. A and B (Certification and Loss

---

[1] The losses suffered by Movant is not the same as its legally compensable damages, the measure of which is often a complex legal question that cannot be determined at this stage of litigation. The approximate losses can, however, be determined from the certification required under

Chart). As discussed in further detail below, because the NJ Fund satisfies the requirements of the PSLRA the Court should appoint it as Lead Plaintiff.

## FACTUAL BACKGROUND[2]

Founded in 1941, Stryker, together with its subsidiaries, operates as a medical technology company worldwide. According to the complaint, from January 25, 2007, to November 13, 2008 (the "Class Period"), Stryker failed to operate under federally accepted compliance standards and assured investors that recent warning letters issued by the Food and Drug Administration (FDA) to the Company relating to packaging and bacterial contamination problems would not materially impede operations and financial results. Specifically, defendants are alleged to have: (1) violated federal regulations concerning the manufacturer of medical devices, as evidenced by the FDA warning letters issued to the Company during the Class Period; (2) put the Company at undue risk for sales disruptions, lower revenues, and product liability claims due to product recalls, (including the January 2008 recall for the Company's hip product); and (3) concealed hundreds of millions of dollars of compliance costs which allowed Defendants to falsely project and/or report high earnings growth for the Company during the Class Period.

Defendants' false and misleading statements and omissions caused the Company stock to trade at artificially inflated levels throughout the Class Period. By the end of the Class Period, Stryker shares had fallen an aggregate 41.7%, down to $44.59 per share in reaction to partial disclosures from the Company, thereby damaging investors, including the NJ Fund.

---

Section 21D of the Exchange Act, 15 U.S.C. § 78u-4(a)(2)(B), and based upon reference to information concerning the current market for the Company's securities.

[2] The factual allegations are from the complaint captioned *City of Pontiac Gen. Emp. Ret. Sys. v. Stryker Corp.*, No. 10-cv-00376-RWS (S.D.N.Y. filed Jan. 15, 2010).

# ARGUMENT

**I.     The NJ Fund Should Be Appointed Lead Plaintiff**

    **A.     The NJ Fund Has Satisfied the Requirements of the PSLRA, and Is Presumptively "The Most Adequate Plaintiff"**

The PSLRA sets forth the procedure governing the appointment of a Lead Plaintiff in securities class actions. Pursuant to the PSLRA, the plaintiff who files the first action must publish notice to the class within twenty (20) days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(I). Here, the plaintiff in the first-filed action caused notice to be published through *Business Wire* on January 15, 2010, which triggered the start of the sixty (60) day lead plaintiff motion deadline which ends on March 16, 2010.[3] The NJ Fund has timely filed the instant motion on March 16, 2010, to serve as Lead Plaintiff of the purported class under the provision of the PSLRA that expressly provides that "***any member*** of the purported class may move the court to serve as lead plaintiff of the purported class," regardless of whether the class member previously filed a complaint. 15 U.S.C. § 78u-4(a)(3)(A) (emphasis added). Movant has reviewed the complaint against Stryker and is willing to serve as a representative party on behalf of the class of purchasers who bought or otherwise acquired Stryker securities during the Class Period (the "Class"). *See* Rado Decl. Ex. A (Certification).

Next, the PSLRA requires that within 90 days after publication of the initial notice of pendency of the action, the Court shall appoint as Lead Plaintiff the movant that the Court determines to be the most capable of adequately representing the interests of Class members. 15

---

[3] *See* Rado Decl. Ex. C. National news wire services have been recognized as suitable vehicles for meeting the statutory requirement that notice be published "in a widely circulated national business-oriented publication or wire service." *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57, 62-64 (D. Mass. 1996); *Lax v. First Merchs. Acceptance Corp.*, No. 97-C-2715, 1997 U.S. Dist. LEXIS 11866, at *2 (N.D. Ill. Aug. 6, 1997).

U.S.C. § 78u-4(a)(3)(B)(i).  In making this determination, the Statute directs the Court to the following objective criteria:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this title [] is the person or group of persons that --
>
> (aa)    has either filed the complaint or made a motion in response to a notice…;
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).  These other requirements, with which the NJ Fund has also complied, are discussed separately below.

### B.    The NJ Fund has "The Largest Financial Interest"

According to 15 U.S.C. § 78u-4(a)(3)(B)(iii), the Court shall appoint as Lead Plaintiff the movant or movants who have the largest financial interest in the relief sought by the action.  *See In re Bear Stearns Cos. Sec., Deriv. & ERISA Litig.*, No. 07-Civ-10453, 2008 U.S. Dist. LEXIS 106327, *20-21 (S.D.N.Y. Dec. 29, 2008) (Sweet , J.).

The largest financial interest typically is measured by the amount of a movant's loss in class period transactions.  *In re Veeco Instruments, Inc.*, 233 F.R.D. 330, 333 (S.D.N.Y. 2005). The NJ Fund's losses are $266,514.98 under the first in first out methodology of pairing purchases and sales.  *Id.  See* Rado Decl. Ex. B.  The NJ Fund believes its financial interest of $266,514.98 is greater than that of any other movant that satisfies Rule 23.

4

### C. The NJ Fund Satisfies the Requirements of Rule 23

The PSLRA prescribes the presumption that the movant with the largest financial interest who otherwise satisfies the requirements of Rule 23 is the most adequate plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii).

Rule 23(a) provides that a party may serve as a Class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a); *see also Bear Stearns*, 2008 U.S. Dist. LEXIS 106327, at *28.

Of the four prerequisites to Class certification, only two - typicality and adequacy - directly address the personal characteristics of the Class representative. *Bear Stearns*, 2008 U.S. Dist. LEXIS 106327, at *28-29 ("At this stage of the litigation, the moving plaintiff is only required to make a preliminary showing that the adequacy and typicality requirements have been met"). Consequently, in deciding a motion to serve as Lead Plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff moves for Class certification. *Id.* (citing *In re Party City Sec. Litig.*, 189 F.R.D. 91, 106 (D.N.J. 1999), "[i]n fact, '[a] wide ranging analysis under Rule 23 is not appropriate [at this initial stage of the litigation] and should be left for consideration of a motion for class certification.'"). As detailed below, Movant satisfies both the typicality and adequacy requirements of Rule 23, thereby justifying its appointment as Lead

Plaintiff. The NJ Fund has claims that are typical of those of other Class Members and can adequately serve as Lead Plaintiff.

### 1. The NJ Fund's Claims Are Typical of the Claims of All the Class Members

Under Rule 23(a)(3), typicality exists where "the claims . . . of the representative parties" are "typical of the claims . . . of the class." The typicality requirement of Rule 23(a)(3) is satisfied when the representative plaintiff's claims arise from the same event or course of conduct that gives rise to claims of other class members, and when the claims are based on the same legal theory. *See Bear Stearns,* 2008 U.S. Dist. LEXIS 106327, at *29. The requirement that the proposed class representatives' claims be typical of the claims of the Class does not mean, however, that the claims must be identical. *See Bear Stearns*, 2008 U.S. Dist. LEXIS 106327, at *29-30; *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co.*, 229 F.R.D. 395, 412 (S.D.N.Y. 2004) (Sweet, J.).

In this case, the typicality requirement is met because the claims of the NJ Fund are identical to, and non-competing and non-conflicting with, the claims of the other Class members. Movant satisfies the typicality requirement because, just like all other Class members, it: (1) purchased or otherwise acquired Stryker securities during the Class Period; (2) purchased or otherwise acquired Stryker securities at prices artificially inflated as a result of the allegedly materially false and misleading statements and/or omissions; and (3) suffered economic loss thereby when the price of Stryker common stock declined when the misrepresentations made to the market, and/or the information alleged in the complaint to have been concealed from the market, were revealed, removing the inflation from Stryker's stock price. Therefore, the NJ Fund's claims are like the claims of each member of the Class and "arise[] from the same course of events, and [] makes similar legal arguments to prove the defendant's liability." *Bear Stearns*,

6

2008 U.S. Dist. LEXIS 106327, at *29. The NJ Fund is not subject to any unique or special defenses. Thus, the NJ Fund meets the typicality requirement of Fed. R. Civ. P. Rule 23 because its claims are the same as the claims of the other Class members.

### 2. The NJ Fund Will Adequately Represent the Class

Under Rule 23(a)(4), the representative party must "fairly and adequately protect the interests of the class." The PSLRA directs the Court to limit its inquiry regarding the adequacy of the movant to the size, the available resources and experience of the proposed lead plaintiff, whether the interests of the movant are clearly aligned with the members of the putative Class and whether there is evidence of any antagonism between the interests of the movant and other members of the Class. 15 U.S.C. § 78u-4(a)(3)(B); *see also Bear Stearns*, 2008 U.S. Dist. LEXIS 106327, at *30.

The NJ Fund is a sophisticated institutional investor with extensive experience in the prosecution of securities class actions whose interests are clearly aligned with those of the other members of the Class. Not only is there no evidence of antagonism between the NJ Fund and the other Class members, but Movant has a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial loss of approximately $266,514 that the NJ Fund has suffered as a result of the wrongful conduct alleged in this action. This motivation, combined with the NJ Fund's identical interests with the members of the Class, and its extensive experience in class action litigation, demonstrates that Movant will vigorously pursue the interests of the Class. In addition, the NJ Fund has selected a law firm that is highly experienced in prosecuting securities class actions to represent Movant and the Class.

## II. The Court Should Approve The NJ Fund's Choice of Lead Counsel

The NJ Fund's choice of lead counsel satisfies the requirements of the PSLRA. Pursuant to 15 U.S.C § 78u-4(a)(3)(B)(v), the Lead Plaintiff shall, subject to Court approval, select and

retain counsel to represent the class. The Court should not disturb the Lead Plaintiff's choice of counsel unless it is necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa). *See also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002). Movant has selected and retained Milberg to serve as Lead Counsel for the Class. Milberg possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities class actions on behalf of injured investors. *See Rado* Decl. Ex. D (firm résumé of Milberg).

Milberg has served as lead or co-lead counsel in many high-profile class actions, recovering billions of dollars for investors. *In re Tyco International Ltd., Sec. Litig.*, MDL No. 02-1335-B (D.N.H. 2002) ($3.2 billion); *In re Nortel Networks Corp., Sec. Litig.*, No. 01-CV-1855 (S.D.N.Y.) ($1.1 billion); *In re Lucent Techs., Inc., Sec. Litig.*, No. 00-CV-621 (D.N.J.) ($600 million settlement); *In re Raytheon Sec. Litig.*, 99-CV-12142 (E.D. Mass.) ($460 million settlement); and *In re Sears, Roebuck & Co. Sec. Litig.*, No. 02-CV-7527 (N.D. Ill.) ($215 million settlement). *See also Rado* Decl. Ex. D (firm résumé of Milberg).

Milberg currently serves as lead counsel or as chair of plaintiffs' executive committees in many high-profile securities actions pending throughout the country. Recently Milberg, with co-counsel, tried a securities class action to verdict before the Honorable Richard J. Holwell in *In re Vivendi S.A., Securities Litigation*, and won a significant victory for the plaintiffs and class. No. 02 Civ. 5571 (RJH)(HNP) (S.D.N.Y.). Although the amount of the actual recovery cannot be determined until all the claim forms are submitted, it may exceed $9 billion based upon the jury's calculation of how much Vivendi stock was inflated as a result of the Company's misstatements. At the conclusion of the trial, Judge Holwell stated:

> I can only say that this is by far the best tried case that I have had in my time on the bench. I don't think either side could have tried

8

>the case better than these counsel have.  The jury has spoken and that's the end of the trial.  It was a pleasure having you in the courtroom.

*In re Vivendi Universal, S.A. Securities Litigation,* (S.D.N.Y. Jan. 29, 2010).

## CONCLUSION

For the reasons stated above, the NJ Fund satisfies the requirements of the PSLRA for appointment as the most adequate plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).  As the most adequate plaintiff, the NJ Fund respectfully requests that the Court: (1) appoint Movant as Lead Plaintiff pursuant to the PSLRA; (2) approve Movant's selection of Milberg as lead counsel in this action and in any subsequently filed and/or related cases; and (3) grant such other and further relief as the Court may deem just and proper.

Dated: March 16, 2010

Respectfully submitted,

*/s/ Andrei V. Rado*

Andrei V. Rado
Anne Marie Vu
**MILBERG LLP**
One Pennsylvania Plaza, 49th Floor
New York, New York  10119
Telephone: (212) 594-5300
Facsimile:  (212) 868-1229
E-mail:  arado@milberg.com
         avu@milberg.com

*PROPOSED LEAD COUNSEL FOR THE CLASS AND COUNSEL FOR PLAINTIFF*

Albert G. Kroll
**KROLL HEINEMAN LLC**
Metro Corporate Campus I
99 Wood Avenue South, Suite
Iselin, New Jersey 08830 307
Telephone:  (732) 491-2100
Facsimile:  (732) 491-2120
E-mail:  akroll@krollfirm.com

*ADDITIONAL COUNSEL FOR PLAINTIFF*

9